**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Torrez,<br><br>  Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-09-00210-TUC-CRP<br><br>**ORDER** |

Yolanda Torrez is 55 years old. She has had multiple hand surgeries and suffers, among other things, from fibromyalgia, neck problems, headaches, bipolar disorder, and depression. She worked 23 years as an electronics assembler for a leading defense and aerospace company. In connection with a workers' compensation claim Ms. Torrez filed, it was determined that she could not return to work.

Ms. Torrez applied for disability insurance benefits, claiming to be disabled as of December 2, 2003. Doc. 12, Tr. 135-39, 204-05. An administrative law judge ("ALJ") issued an unfavorable decision on July 20, 2006. Tr. 55-60. The Appeals Council remanded the case for further consideration of Ms. Torrez's subjective complaints, her boyfriend's statements concerning her condition, her residual functional capacity, and treating physicians' opinions. Tr. 112-15. A hearing before the ALJ was held on August 16, 2007. Tr. 574-609. The ALJ issued a second decision on October 22, 2007, finding Ms. Torrez not to be disabled within the meaning of the Social Security Act.

Tr. 17-26. This decision became the Commissioner's final decision when the Appeals Council denied review. Tr. 4-6.

Ms. Torrez then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The issues are fully briefed. Docs. 15, 18, 19. Oral argument has not been requested. For reasons stated below, the Court will reverse Defendant's decision and remand for an award of benefits.

**I.      Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The decision denying benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citation omitted).

**II.     Discussion.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show she has not worked since the alleged disability onset date, she has a severe impairment, and her impairment meets or equals a listed impairment or her residual functional capacity ("RFC") precludes her from performing past work. Where the claimant meets her burden, the Commissioner must show that the claimant is able to perform other work. 20 C.F.R. § 404.1520.

Plaintiff has not worked since December 2, 2003, the alleged disability onset date. Tr. 19, ¶ 2. She has severe fibromyalgia, cervical degenerative changes, bipolar disorder, and depression (Tr. 19-21, ¶ 3), but those impairments do not meet or equal a listed impairment (Tr. 21, ¶ 4). Plaintiff is not disabled, the ALJ found, because she has the RFC to perform light work (Tr. 21-25, ¶ 5), including her past job as an electronics assembler (Tr. 25, ¶ 6).

Plaintiff contends that the ALJ erred in three respects: finding Plaintiff's symptom testimony not credible, rejecting the opinions of treating physicians, and rejecting lay witness testimony. Docs. 15, 19. Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Doc. 18. The Court concludes that the ALJ committed reversible error in rejecting the testimony of Plaintiff and the lay witness.

### A. Plaintiff's Testimony.

A claimant's subjective complaints, including pain, must be considered when making a disability determination. 20 C.R.F. § 404.1529. "Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (quoting 42 U.S.C. § 423(d)(5)(A)). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); 20 C.F.R. § 404.1529(c)(2); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

Plaintiff testified that she has pain in her whole body, with the worst being in her neck, back, arms, hands, and feet. Tr. 582. Her hands become numb and tight and occasionally lock up on her. Tr. 594. She takes prescribed OxyContin, Cymbalta, Arthrotec, and certain muscle relaxers both day and night. Tr. 580-82. The medications help soothe the pain, but never make it go away. Tr. 582. Side effects include sleepiness, dizziness, weakness, and nausea. Tr. 595.

With respect to her functional capacity and daily activities, Plaintiff testified that she can sit for fifteen minutes at a time and can stand for up to ten minutes. Tr. 583. She can walk about one-half block until her knees begin to bother her. Tr. 584. During the day she sleeps a lot and walks her dog. Tr. 584, 587. She used to make teddy bears, but has had to quit that hobby. Tr. 585.

The ALJ evaluated Plaintiff's testimony using the two-step analysis established by

the Ninth Circuit. *See Smolen*, 80 F.3d at 1281. Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), he determined that Plaintiff's medically determinable impairments could reasonably produce her alleged symptoms. Tr. 23. Given this conclusion, and because he found no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for finding Plaintiff's testimony not credible. *Smolen*, 80 F.3d at 1281. This standard is "the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ asserts several reasons for finding Plaintiff's symptom testimony not credible. Tr. 23-24. None is convincing.

The ALJ first asserts that Plaintiff "was released to light work by her surgeon" and demonstrated the ability to perform light work "when undergoing a functional capacity evaluation[.]" Tr. 23. As noted above, Plaintiff has had multiple surgeries. She also has participated in numerous evaluations conducted by various physicians and other medical personnel over a span of many years. The ALJ fails to identify the medical records purportedly showing that Plaintiff is able to perform light work. When the entire record is considered as a whole, *see Ryan*, 528 F.3d at 1198, the bald assertion that Plaintiff is able to perform light work is not a convincing reason for rejecting her complaints of pain and other symptoms.

Citing a functional capacity evaluation report (Tr. 339), the ALJ notes that Plaintiff "exhibited inconsistencies in her physical testing and her comments" (Tr. 23). The ALJ does not describe the inconsistencies Plaintiff exhibited or otherwise explain why they render her not credible.

The report notes some inconsistent results in grip testing, but makes clear that Plaintiff was "willing to perform all activities asked of her" and believed she "gave the best effort she could." Tr. 339. The report provides that during the evaluation, Plaintiff went back and forth between stating that she would do her job regardless of the pain and that she simply could no longer do it. *Id.* The fact that Plaintiff wavered as to whether

she could tolerate her pain enough to perform her job is not a convincing reason for finding her incredible.[1]

The ALJ further asserts that there are "numerous references in the medical evidence" showing Plaintiff's "non-compliance with the medical regimen specified by her physicians" (Tr.23), but cites no evidence in support of this assertion. This Circuit has made clear that "general findings are an insufficient basis to support an adverse credibility determination." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ "must specifically identify the testimony he or she finds not to be credible and must explain what evidence undermines the testimony." *Id.*; *see Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ has not met his burden. He does not identify the "references in the medical evidence" purportedly showing that Plaintiff has failed to follow prescribed medical regimens. In short, the ALJ failed to state "*specifically* which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (emphasis added).

Plaintiff notes that on several occasions she was unable to afford medication and treatment due to lack of health insurance. Doc. 15 at 28; *see* Tr. 269, 325, 432, 439, 443. "'It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because [she] is too poor to obtain medical treatment that may help [her].'" *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted). Given that Plaintiff, at times, "had no insurance and could not afford treatment," her failure to comply with medical regimens "is not a clear and convincing reason for discrediting her symptom testimony." *Smolen*, 80 F.3d at 1284; *see* SSR 96-7p, at *8 (affordability is a legitimate reason for not seeking treatment).

The ALJ "must not draw any inferences about [Plaintiff's] symptoms and their

---

[1] The report is authored not by Dr. Thomas Butler, as the ALJ asserts (Tr. 23), but by physical therapist Karen Lunda (Tr. 342).

functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that [she] may provide[.]" SSR 96-7p, at *7. Before discrediting Plaintiff for not following medical regimens, the ALJ should have questioned her "in order to determine whether there are good reasons[.]" *Id.* He erred in failing to do so. *See Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (the ALJ may not "rely on the claimant's failure to take pain medication where evidence suggests that the claimant had a good reason for not taking medication"); *Warfield v. Astrue*, No. 1:08-cv-1516-SEB-TAB, 2010 WL 883652, at *5 (S.D. Ind. Mar. 4, 2010) (the ALJ should have "expressly considered whether there was an explanation other that Warfield's symptoms not being as serious as alleged for his not following the recommended treatment").

Claiming that "common" side effects of chronic pain are weight loss and muscle atrophy, the ALJ notes that there is no record of Plaintiff having lost weight or atrophied since the alleged disability onset date. Tr. 23. Even if the Court were to assume that chronic pain often results in weight loss and muscle atrophy, the ALJ does not assert, and it otherwise is not clear to the Court, that the lack of those side effects shows the absence of chronic pain. Such a finding is precluded from a review of the entire record in this case. The record is replete with treatment, including prescribed narcotic drugs, for severe and chronic pain.

Moreover, the ALJ erroneously "imposed a burden on [P]laintiff she did not have under the governing Ninth Circuit law." *Battle v. Astrue*, No. CV 09-2162-DTB, 2010 WL 2569235, at *4 (C.D. Cal. June 21, 2010). Once a claimant has presented medical evidence of an underlying impairment, as Plaintiff has done in this case, "the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence." *Perez v. Astrue*, No. CV 09-4600-MLG, 2010 WL 1051128, at *4 (C.D. Cal. Mar. 18, 2010); *see Ligenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir.

2006). The ALJ himself recognizes that the credibility determination was necessary *because* Plaintiff's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence[.]" Tr. 22; *see* SSR 96-7p, at *2.

Finally, the ALJ found Plaintiff not credible on the ground that she has maintained a "somewhat normal" level of activity. Tr. 24. "Several courts, including [this Circuit], have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted). An ALJ may consider a claimant's activities in assessing credibility, but "[t]his line of reasoning clearly has its limits[.]" *Fair*, 885 F.2d at 603. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferrable to what might be the more grueling environment of the workplace[.]" *Id.* An ALJ may reject symptom testimony based on activities only where the ALJ makes a specific finding that they "*are* transferrable to the work setting" and form a "substantial part" of the claimant's day. *Id.* (emphasis in original).

The ALJ states that Plaintiff is able to cook, shop, do laundry, wash dishes, groom herself, take walks, and drive. Tr. 24. But the ALJ ignores the limited nature of those activities.

Plaintiff does not "cook dinner, large meals, or bake," but instead makes soups, sandwiches, and frozen meals. Tr. 166, 198. While she shops for "little things" once or twice a week, she does not go alone and her boyfriend does the "major shopping." Tr. 167, 199, 585. She makes the bed and does a little vacuuming and laundry, but her children "will complete the tasks due to the pain in [her] hands" (Tr. 166) and her teenage granddaughter is her "little helper" (Tr. 598). Because of pain in her hands and shoulders, Plaintiff dresses and grooms herself with difficulty. Tr. 154, 165, 197. She takes her dog out twice a day for a "very short walk" or just "to get the mail" (Tr. 165,

197, 587), and has made clear that she is able to walk only one-half block (Tr. 584). She does not "drive that much, only when it's necessary." Tr. 596. These limitations are nowhere to be found in the ALJ's decision. The ALJ notes that Plaintiff visits with others, talks on the phone, watches television, and reads (Tr. 24), but fails to explain how those activities translate into an ability to perform regularly in the workplace.

This Circuit has made clear that the mere fact that a claimant engages in normal daily activities "does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). The Court finds, and Defendant does not genuinely dispute (Doc. 18 at 16), that the ALJ failed to provide a convincing reason for concluding that Plaintiff's activities render her symptom testimony not credible. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (the claimant's limited activities did not constitute convincing evidence that he could function regularly in a work setting); *Benecke v Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (rejecting the ALJ's credibility finding where it was based in large part on the claimant's ability to carry out certain routine tasks); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (the ALJ erred where the claimant's activities did not contradict his symptom testimony and failed to meet the threshold for transferable work skills); 20 C.F.R. § 404.1572(c) ("Generally, we do not consider activities like taking care of yourself, household tasks, [or] hobbies . . . to be substantial gainful activity.").

The Court recognizes that questions of credibility are the province of the Commissioner. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). Absent evidence of malingering, however, "'the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing.'" *Id.* (citation omitted). Considering the entire record as a whole and in the proper context, *see Ryan*, 528 F.3d at 1198, the Court concludes that the reasons the ALJ provided for finding Plaintiff not credible are neither convincing nor supported by substantial evidence.

The ALJ properly discredited Plaintiff's testimony, Defendant contends, because Plaintiff was able to work until the alleged disability onset date and there is no evidence of significant deterioration between that date and the date the ALJ issued his decision. Doc. 18 at 13-14. Plaintiff notes, correctly, that she did not claim to be disabled until she no longer was able to work on December 2, 2003. Doc. 19 at 5. Plaintiff also has testified that she had to quit her job as an electronics assembler due to "progressively worsening neck and upper extremity pain." Tr. 57. The fact that Plaintiff's condition may not have deteriorated *after* the alleged onset date is not a convincing reason for rejecting her symptom testimony.

Moreover, the ALJ did not cite the absence of deterioration as a reason for rejecting Plaintiff's testimony. Nor did the ALJ rely on normal examination findings of Dr. Enrique Suarez (Tr. 407). *See* Doc. 18 at 15. The Court "cannot affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ, not this Court, "is required to provide reasons for rejecting [symptom] testimony." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

Defendant notes that physical therapist Lunda found "no objective findings on physical exam . . . to substantiate the symptom complaints." Doc. 18 at 14. As explained more fully above, once a claimant produces objective medical evidence of an underlying impairment, as Plaintiff has done in this case, the claimant's subjective complaints may not be rejected based on "lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa*, 367 F.3d at 885.

**B.    Lay Witness Testimony.**

In determining whether a claimant is disabled, the ALJ "must consider lay witness testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053; *see* 20 C.F.R. §§ 404.1513(d)(4), 404.1545(a)(3). Indeed, because testimony from family and friends may provide insight into the severity of the impairments and how they affect

the claimant's ability to function, *see* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006), such testimony constitutes "'competent evidence'" and therefore cannot be disregarded without comment. *Stout*, 454 F.3d at 1053 (citation omitted). If the ALJ wishes to discount the testimony of lay witnesses, he must give legitimate reasons that are germane to each witness. *Id.*; *see Lewis*, 236 F.3d at 511.

Plaintiff's boyfriend, Daniel Martinez, lives with Plaintiff and has known her for more than a decade. Mr. Martinez completed a functional capacity report in December 2004. Tr. 188-95. Consistent with Plaintiff's testimony, Mr. Martinez stated, among other things, that she prepares sandwiches and frozen meals, that she has difficulty getting dressed, that she does few household chores, that she shops only for personal items and some food when needed, and that she suffers from severe pain in her back, arms, and hands. *Id.*

The sole reason the ALJ gave for rejecting Mr. Martinez's testimony is that he has a financial interest in Plaintiff collecting benefits given that he his her companion and roommate. Tr. 23. The fact that a lay witness has a close relationship with the claimant "cannot be a ground for rejecting his or her testimony." *Smolen*, 80 F.3d at 972. "To the contrary, testimony from lay witnesses who see the claimant every day is of particular value." *Id.*; *see Solorzano v. Astrue*, No. ED CV 11-369-PJW, 2012 WL 84527, at *4 (C.D. Cal. Jan. 10, 2012) ("[I]n this circuit, ALJs are not allowed to consider the fact that the witness is related to the claimant in assessing the witness's credibility.").

Defendant's reliance on *Greger v. Barnhart*, 464 F.3d 968 (9th Cir. 2006), is misplaced. The witness's testimony in *Greger*, unlike that of Mr. Martinez, was rejected in part because it was inconsistent with the claimant's presentations to treating physicians. 464 F.3d at 972. While the ALJ in *Greger* noted the close relationship between the witness and the claimant, the relationship was not the sole reason for rejecting the witness's testimony.

In summary, the Court concludes that the ALJ erred in rejecting the testimony of Mr. Martinez. *See Smolen*, 80 F.3d at 972.

**III.    Remedy.**

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). This Circuit has held that evidence is to be credited as true, and the action remanded for an award of benefits, where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

After applying the credit-as-true rule to the improperly discredited testimony, it is clear that Plaintiff is not able to perform her past job as an electronics assembler. The impartial vocational expert testified that if a person's pain level were to be severe, and if the medication needed to alleviate the pain were to cause significant side effects, then the person would not be able to work as an electronics assembler. Tr. 602. Plaintiff's testimony, when credited as true, shows that she experiences severe pain in her whole body, that the pain does not go away even while taking narcotic pain medication, and that the medication causes significant side effects, including sleepiness, dizziness, weakness, and nausea. Tr. 582, 595. Based on this testimony and that of the vocational expert, Plaintiff clearly cannot perform her past job as an electronics assembler. The ALJ erred in concluding otherwise. Tr. 25, ¶ 6.

The case must be remanded for further proceedings, Defendant contends, because the ALJ never determined whether Plaintiff is able to perform other work. Doc. 18 at 22. But the vocational expert made clear that a person with Plaintiff's severe pain and adverse side effects could perform "no work at all[.]" Tr. 603. Defendant does not disagree with this conclusion. Nor is it inconsistent with the record as a whole.

Because it is clear that the ALJ would be required to find Plaintiff disabled, *see Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2006), the Court will exercise its

discretion and remand the case for an award of benefits. *See Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007) (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted); *D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at *9 (D. Ariz. Dec. 27, 2007) (exercising discretion to remand for an award of benefits where the ALJ erred at step four and the vocational expert testified that the claimant's limitations would preclude all work). Given this ruling, the Court need not address Plaintiff's arguments that the ALJ erred in rejecting the opinions of treating physicians.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is reversed.
2. The case is remanded for an award of benefits.
3. The Clerk is directed enter judgment accordingly.

Dated this 2nd day of February, 2012.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE